# EXHIBIT A

# Complaint

# EXHIBIT A

Electronically Filed
10/1/2020 7:37 AM
Steven D. Grierson
CLERK OF THE COURT

JAMES P. KEMP, ESQUIRE
Nevada Bar No. 006375
KEMP & KEMP, ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110,
Las Vegas, NV  89130
(702) 258-1183/(702) 258-6983 (fax)
jp@kemp-attorneys.com
Attorney for Plaintiff KURT WONG

CASE NO: A-20-822261-C
Department 15

DISTRICT COURT
CLARK COUNTY, NEVADA
* * *

KURT WONG,

                Plaintiff,

vs.

WYNN LAS VEGAS, LLC, a Nevada Limited
Liability Company,

                Defendants.

Case No.:

Dept. No.:

**COMPLAINT**

JURY TRIAL DEMANDED

(Arbitration exemption claimed: action seeking
equitable or extraordinary relief)

COMES NOW THE PLAINTIFF, by and through his counsel, JAMES P. KEMP, ESQ., of

KEMP & KEMP, ATTORNEYS AT LAW, and states and alleges causes of action against the

Defendant(s) as follows:

## I.      JURISDICTION AND VENUE

The Court has jurisdiction over this case for both the federal and state law claims set forth herein

and venue is proper because the material events complained of herein took place in Clark County,

Nevada and the Defendant is headquartered in Clark County Nevada.

## II.      CLAIMS FOR RELIEF

### ALLEGATIONS COMMON TO ALL CLAIMS

1.  This is a civil action for damages under state and federal statutes prohibiting discrimination.

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 255-1183 • Fax (702) 258-6983

1

2. Plaintiff's statutory claims arise under Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e et seq.; the Civil Rights Act of 1991, 42 U.S.C §1981a ; the Civil Rights Act of 1866, 42 U.S.C. § 1981; and NRS Chapter 613.

3. As Plaintiff's employer during the relevant time period, Defendant was engaged in operations and/or conducting business within the County of Clark, State of Nevada.  Defendant WYNN LAS VEGAS, LLC was engaged in activities affecting commerce and employed at least 500 employees in the two calendar years preceding the events in question.

4. As an employer in Nevada, and/or other states, Defendant is required to comply with all state and federal statutes which prohibit race and sex discrimination.

5. Plaintiff, KURT WONG, is an Asian-American male citizen of the County of Clark, State of Nevada, who was employed by Defendant from approximately December 8, 2008 through May 25, 2018 when he was fired from his job as a casino dealer (Plaintiff was a "dual rate" meaning that he sometimes acted as a Casino Service Team Lead).  At all times mentioned herein the Plaintiff performed his work at or above a level that the Defendants had a reasonable right to expect.

6. Defendant WYNN LAS VEGAS, LLC is a Nevada Limited Liability Company duly formed and authorized to conduct business in Nevada and having its principal place of business at 3131 Las Vegas Boulevard South, Las Vegas, Nevada 89109.

7. Plaintiff has physical characteristics and skin color consistent with his race and ethnicity, Asian-American.

**FACTS**

8. Plaintiff commenced his employment with Defendant in approximately December 2008 as a Casino Dealer.  By the time of the events complained of herein the Plaintiff held the position of Casino Dealer who sometimes acted in the role of a Casino Service Team Lead (CSTL).  In the

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. AZURE DRIVE, SUITE 110
LAS VEGAS, NEVADA 89130
TEL. (702) 255-1183 • FAX (702) 258-6983

casino gaming industry this is sometimes referred to as a "dual rate" employee.

9. On or about May 20, 2018 Plaintiff missed the fact that an underage person was sitting at a gaming table. The dealer on the game, Tatiana Rozniece (white, female) obtained red cards (which are player's club cards) and identification cards from a group of players sitting together at the table. Plaintiff was called over and swiped the cards. Neither Ms. Rozniece, nor Plaintiff realized that "player 4" was underage. On May 21, 2018 Plaintiff was suspended pending investigation for this incident and was fired from his job on or about May 25, 2018. Ms. Rozniece was not disciplined in any way, and especially was not fired from her job. Plaintiff and Ms. Rozniece were subject to the exact same policies and rules with respect to this incident and were treated differently in terms of the treatment that they were given and the difference is that Plaintiff was male and Asian and Ms. Rozniece was female and white.

10. On September 4, 2018 Plaintiff timely filed a formal charge of discrimination based on race and sex with the Nevada Equal Rights Commission (NERC), which was simultaneously dual filed pursuant to work sharing agreement between the state and federal agencies, with the U.S. Equal Employment Opportunity Commission (NERC) (Charge #34B-2018-01281). Defendant was served with the charge shortly thereafter.

11. Defendant's reason for terminating Plaintiff's employment on or about May 25, 2018 was false and pretextual in that it was not the real reason and it is not worthy of credence. Other similarly situated female and non-Asian employees who committed the exact same or even worse infractions than that Plaintiff was accused of were not terminated from their employment and were, therefore, treated more favorably than the Plaintiff was in the terms and conditions of employment with the Defendant.

12. The Plaintiff is informed and believes that the Defendant treated him less favorably than it treated similarly situated non-Asian co-workers and female co-workers who were not issued as

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. AZURE DRIVE, SUITE 110
LAS VEGAS, NEVADA 89130
TEL (702) 256-1183 • FAX (702) 258-6983

severe a form of discipline as Plaintiff was for the exact same conduct, even on the exact same occasion in the case of Tatiana Rozniece. These non-Asian and/or female employees were not issued discipline or received far more favorable treatment in terms of discipline than Plaintiff thereby subjecting Plaintiff to unequal terms and conditions of employment in whole or in part on the basis of race and/or sex.  These white, female, and non-Asian coworkers included, but were not limited to Kim Radan, Toni Purgatori, Rose Castillo, Vicky Kragor, Jane Ha, Jodie Gutchewsky, and the aforementioned Tatiana Rozniece.  The discriminatory treatment of Plaintiff by the Defendants was because of or on account of, in whole or in part, the Plaintiff's race and/or sex.  The discrimination that Plaintiff suffered was a violation of Title VII of the Civil Rights Act of 1964, NRS Chapter 613, and the Civil Rights Act of 1866, 42 U.S.C. § 1981.

13. The Plaintiff's dual filed Charge of Discrimination with NERC and EEOC on the basis of race and sex, filed on or about September 4, 2018, Charge No. 34B-2018-01281 is incorporated here by reference as if fully set forth herein.

14. Defendant subjected Plaintiff to different, unequal and discriminatory treatment which included but was not limited to termination of his employment based on unequal treatment that was more severe than that imposed on his non-Asian and female co-worker comparators.  This different, unequal and discriminatory treatment in his employment was on account of and directly connected with or related to Plaintiff's race and sex.

15. Defendant WYNN LAS VEGAS, LLC is required to comply with federal statutes prohibiting employment discrimination including those referenced herein.

16. Plaintiff has exhausted all required administrative avenues.  NERC issued by mail a Notice of Suit Rights for Charge # 34B-2018-01281 on July 10, 2020.

17. Plaintiff has exhausted all required administrative avenues.  EEOC issued a Notice of Suit Rights for Charge # 34B-2018-01281  on August 18, 2020 and Plaintiff received it in the mail

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. AZURE DRIVE, SUITE 110
LAS VEGAS, NEVADA 89130
TEL (702) 258-1183 • Fax (702) 258-6983

approximately three business days later.

18. This action was timely filed.

19. Under all claims set forth herein the Plaintiff is entitled to extraordinary and equitable relief including, but not limited to, an order of reinstatement to his position without loss of seniority or other benefits of employment.

## FIRST CLAIM:  RACE DISCRIMINATION IN VIOLATION OF TITLE VII, CIVIL RIGHTS ACT OF 1964.

All other pertinent Paragraphs of this Complaint are expressly incorporated here by reference as if fully reasserted, alleged, and set forth herein.

20. Plaintiff, at all times, has performed his job at or above a level that his employer had a reasonable right to expect.

21. Plaintiff was discriminated against by the Defendants in the terms, conditions, privileges, and benefits of his employment based upon his race.

22. Plaintiff was terminated from his employment on or about May 25, 2018.

23. Plaintiff's non-Asian co-workers who committed the same infractions, including one who committed the same infraction in the same exact incident, were not subjected to the same discipline and were treated far more favorably in the terms and conditions of their employment.

24. Defendant's discriminatory and retaliatory treatment of the Plaintiff in his employment was in violation of Title VII of the Civil Rights Act of 1964.

25. Plaintiff suffered injury to his reputation, embarrassment, humiliation, mental anguish and suffering, inconvenience, emotional distress, and other cognizable general damages as a direct and proximate result of Defendant's actions.  The amount of these damages is a question of fact that may only be ascertained by the jury at trial.

26. Plaintiff has suffered and may still suffer lost wages and benefits of employment as a direct and proximate result of the actions of the Defendants.

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 255-1183 • Fax (702) 255-0993

27. Plaintiff has been required to hire an attorney and expend fees and costs to pursue his rights through this action.

28. The actions of the Defendant were willful, malicious, oppressive, and with conscious and knowing disregard of Plaintiff's rights under Federal and Nevada law. The Defendant should be subjected to Punitive and Exemplary damages to deter future conduct of this sort.

29. Plaintiff has been required to hire an attorney and expend fees and costs to pursue his rights through this action.

**SECOND CLAIM:  SEX DISCRIMINATION IN VIOLATION OF TITLE VII, CIVIL RIGHTS ACT OF 1964.**

All other pertinent Paragraphs of this Complaint are expressly incorporated here by reference as if fully reasserted, alleged, and set forth herein.

30. Plaintiff, at all times, has performed his job at or above a level that his employer had a reasonable right to expect.

31. Plaintiff was discriminated against by the Defendants in the terms, conditions, privileges, and benefits of his employment based upon his sex.

32. One or more of Plaintiff's co-workers who were not of Plaintiff's sex were treated more favorably in the terms and conditions of their employment than Plaintiff was treated.

33. Defendant's discriminatory treatment of the Plaintiff in his employment was in violation of Title VII of the Civil Rights Act of 1964.

34. Plaintiff suffered injury to his reputation, embarrassment, humiliation, mental anguish and suffering, inconvenience, emotional distress, and other cognizable general damages as a direct and proximate result of Defendant's actions. The amount of these damages is a question of fact that may only be ascertained by the jury at trial.

35. Plaintiff has suffered and may still suffer lost wages and benefits of employment as a direct and proximate result of the actions of the Defendants.

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

6

36. Plaintiff has been required to hire an attorney and expend fees and costs to pursue her rights through this action.

37. The actions of the Defendant were willful, malicious, oppressive, and done with conscious and knowing disregard for Plaintiff's rights under Federal and Nevada law. The Defendant should be subjected to Punitive and Exemplary damages to deter future conduct of this sort.

38. Plaintiff has been required to hire an attorney and expend fees and costs to pursue his rights through this action.

## THIRD CLAIM:  RACE DISCRIMINATION IN VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. §1981

All other pertinent Paragraphs of this Complaint are expressly incorporated here by reference as if fully reasserted, alleged, and set forth herein.

39. Defendant has violated the Civil Rights Act of 1866, as amended, through the actions of their managers and officials in failing to provide equal contractual opportunities to Asian-American employees, specifically including the Plaintiff.

40. Plaintiff has been harmed by Defendant's actions, has suffered damages and is entitled to be fully compensated therefor.

41. . The actions of the Defendant were willful, malicious, oppressive, and done with conscious and knowing disregard for Plaintiff's rights under Federal and Nevada law. The Defendant should be subjected to Punitive and Exemplary damages to deter future conduct of this sort.

42. Plaintiff has been required to hire an attorney and expend fees and costs to pursue his rights through this action.

## FOURTH CLAIM:  RACE DISCRIMINATION IN VIOLATION OF NRS CHAPTER 613.

All other pertinent Paragraphs of this Complaint are expressly incorporated here by reference as if fully reasserted, alleged, and set forth herein.

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 256-1183 ♦ Fax (702) 258-6983

7

43. Defendant has violated the provisions of NRS 613.330 by discriminating against the Plaintiff with respect to his compensation, terms, conditions or privileges of employment, because of his race.

44. Plaintiff has been harmed by Defendant's actions, has suffered damages and is entitled to be fully compensated therefor.

45. . The actions of the Defendant were willful, malicious, oppressive, and done with conscious and knowing disregard for Plaintiff's rights under Federal and Nevada law. The Defendant should be subjected to Punitive and Exemplary damages to deter future conduct of this sort.

46. Plaintiff has been required to hire an attorney and expend fees and costs to pursue his rights through this action.

**FIFTH CLAIM:  SEX DISCRIMINATION IN VIOLATION NRS CHAPTER 613.**

All other pertinent Paragraphs of this Complaint are expressly incorporated here by reference as if fully reasserted, alleged, and set forth herein.

47. Defendant has violated the provisions of NRS 613.330 by discriminating against the Plaintiff with respect to his compensation, terms, conditions or privileges of employment, because of his sex.

48. Plaintiff has been harmed by Defendant's actions, has suffered damages and is entitled to be fully compensated therefor.

49. . The actions of the Defendant were willful, malicious, oppressive, and done with conscious and knowing disregard for Plaintiff's rights under Federal and Nevada law. The Defendant should be subjected to Punitive and Exemplary damages to deter future conduct of this sort.

50. Plaintiff has been required to hire an attorney and expend fees and costs to pursue his rights through this action.

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

## III.    DEMAND FOR JUDGMENT FOR RELIEF

WHEREFORE, the Plaintiff Prays Judgment against the Defendant and requests relief as follows:

1. For all applicable remedies available under the federal statutes applicable to this case as well as all remedies available under Nevada state law;

2. For actual and compensatory damages in an amount to be determined by a jury at trial;

3. For general damages in an amount to be determined by a jury at trial;

4. For nominal damages if that be all that is allowed;

5. For Punitive and/or Exemplary damages in an amount to be determined by a jury at trial;

6. For Attorney's fees;

7. For costs of suit;

8. For pre-judgment interest;

7. For a trial by jury of all issues that may be tried to a jury;

8. For equitable or extraordinary relief, including but not limited to an order of reinstatement to employment, as set forth herein;

9. For such other and further relief as the court may deem just and equitable.

DATED this 1st day of October, 2020.


_____/s/ James P. Kemp_____
JAMES P. KEMP, ESQUIRE
Nevada Bar No. 006375
KEMP & KEMP
7435 W. Azure Drive, Suite 110,
Las Vegas, NV  89130
(702) 258-1183/ (702) 258-6983 (fax)
jp@kemp-attorneys.com
Attorney for Plaintiff

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

9