JOSHUA A. SLIKER, ESQ.
Nevada Bar No. 12493
MILAN CHATTERJEE, ESQ.
Nevada Bar No. 15159
**JACKSON LEWIS P.C.**
300 S. Fourth Street, Suite 900
Las Vegas, Nevada 89101
Telephone: (702) 921-2460
Email: joshua.sliker@jacksonlewis.com
Email: milan.chatterjee@jacksonlewis.com

*Attorneys for Defendant*
*Wynn Las Vegas, LLC*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

KURT WONG,

       Plaintiff,

   vs.

WYNN LAS VEGAS, LLC, a Nevada Limited
Liability Company,

       Defendants.

Case No. 2:20-cv-02086-~~RJB~~-NJK
                       RFB

**STIPULATED PROTECTIVE ORDER**

Pursuant to Federal Rule of Civil Procedure 26(c), Defendant Wynn Las Vegas, LLC ("WLV" or "Defendant") and Plaintiff Kurt Wong ("Plaintiff"), (collectively, Plaintiff and Defendant may be referred to as the "Parties"), by and through their respective counsel of record, anticipate discovery in this action will involve production and/or disclosure of confidential and/or private information and materials about non-parties requiring special protection from disclosure to and use by the public and unauthorized third-parties. Accordingly, the Parties hereby stipulate and agree that the handling of such information and materials in these proceedings shall be governed by the provisions set forth below.

### I.     <u>APPLICATION</u>

This Protective Order shall govern the designation and handling of "Confidential Information" (defined below) pertaining to non-parties, including Defendant's former and current

employees, produced in this case, whether by voluntary production or disclosure or in response to any formal discovery procedure, including designation and handling of nonpublic information of a confidential nature. This Protective Order does not affect any party's obligations under the Federal Rules of Civil Procedure to produce documents as required by the rules of discovery or an order of the Court. The purpose of this Protective Order is to facilitate the handling of nonpublic information of a confidential and/or private nature. If material is otherwise already part of the public record as of the entry of this Protective Order, the material in question will not be subject to this Protective Order. The mere filing or production of material designated as "Confidential" by the non-designating party does not remove the material from the protection of this Protective Order.

## II.   DEFINITIONS

**A.**   "**Confidential Information**" means information or an item, in any form, whether tangible or intangible, that: (1) is in good faith designated as "Confidential" by the producing or designating party, and (2) that, as claimed by the producing or designating party, contains non-public personal information of a non-party (including, but not limited to, address, telephone number, email address, birth date, social security number, employment records, medical information, financial and banking information, etc.).

**B.**   "**Disclosed**" is used in its broadest sense and includes, *inter alia*, directly or indirectly shown, divulged, revealed, produced, described, transmitted or otherwise communicated, in whole or in part.

**C.**   "**Discovery Material(s)**" means any documents, electronically stored information, responses to written discovery, deposition testimony, transcripts and exhibits, responses to subpoenas, requests for information and/or written information, whether produced voluntarily or involuntarily, or other disclosure or production in response to a discovery request in this litigation by any party.

**D.**   "**Document**" is defined as the term is used in Federal Rule of Civil Procedure 34.

## III.   TYPES OF MATERIALS THAT MAY BE DESIGNATED AS CONFIDENTIAL

Any Discovery Material or other documents, information, or materials may be designated by a producing party or non-party as Confidential under this Order. A "Confidential" designation

shall constitute a representation to the Court that counsel for the producing party (or producing person, in the case of a non-party) believes in good faith that the material so designated constitutes Confidential Information as defined in this Order. To the extent practicable, only those parts of Discovery Materials that require protection shall be designated as Confidential. Mass, indiscriminate, or blanket designations are prohibited. Unjustified designations may expose the designating party to sanctions, which could include, without limitation, the award of attorneys' fees and costs, and the striking of confidential designations. If a designating party later learns that information it designated as confidential does not qualify for protection, then the party must promptly notify all Parties that it is withdrawing the mistaken designation.

## IV.   DESIGNATION OF DISCOVERY MATERIALS AS CONFIDENTIAL

### A.   Marking Protected Documents.

1.   Protected documents shall be designated as containing Confidential Information by affixing to them the legend "CONFIDENTIAL" in all caps, at least 10-point bold font, in a location that makes the designation readily apparent, preferably in the lower left-hand corner. The fact that a document is stamped "Confidential" by one party shall not be construed as an admission by any other party that such document is Confidential Information, nor shall it limit or preclude the right of any party to object to the designation and to file any appropriate motion(s) to determine the propriety of such designation.

2.   If the producing party inadvertently fails to stamp or otherwise appropriately designate or list certain documents, material, or information as "Confidential" upon their production or disclosure, such inadvertent failure to designate shall not constitute nor be deemed a waiver of a subsequent claim of protected treatment under this Order.

### B.   Designating Testimony.

1.   Any party may designate testimony as "Confidential Information" by making a statement to that effect on the record at the deposition or other proceeding or within ten (10) days after receipt of the transcript of deposition or other proceeding by counsel. When Confidential Information is designated on the record at a deposition or other proceeding, the party claiming the testimony is Confidential Information shall make arrangements with the court reporter

JACKSON LEWIS P.C.
LAS VEGAS

3

taking and transcribing such proceeding to label each page containing the testimony with the designation "CONFIDENTIAL" and all counsel and parties shall treat pages of testimony so designated as a protected document and the testimony itself as Confidential Information.

2. If Confidential Information is discussed, disclosed, revealed, or used at a deposition, then only counsel for the parties, the court reporters, the Parties, any translators, the videographers, the witness, and any other Permissible Recipient shall be present for that portion of the deposition. Parties shall endeavor to give reasonable advance notice if they expect a deposition will cover Confidential Information so that the other Parties can ensure only authorized individuals are present when such material is disclosed or used.

3. If a deposition witness is not a Permissible Recipient (defined below), then Confidential Information may be discussed with or disclosed to the witness only if (i) doing so is necessary to elicit testimony from the witness that likely would be relevant to a claim or defense in the lawsuit and it is not reasonably possible to elicit such testimony from the witness without showing or informing the witness of the Confidential Information; and (ii) before being shown or informed of any Confidential Information, the witness is given a copy of this Order and executes Exhibit A.

a. If a Party believes that showing or disclosing the Party's Confidential Information to a deposition witness who is not a Permissible Recipient is not necessary to elicit testimony from the witness that likely would be relevant to a claim or defense in the lawsuit (the "Objecting Party"), then the Objecting Party and the Party conducting the deposition (the "Deposing Party") shall immediately meet and confer regarding the issue and if necessary, attempt to contact the Court for a dispute resolution conference. As a last resort, the Objecting Party may elect to terminate the deposition and file a motion for protective order or seek other relief from the Court to preclude the witness from being shown or informed of Confidential Information. The Court may assess reasonable fees and costs against the terminating party if he finds that the Objecting Party's objection or termination of the deposition was without justification or in bad faith.

b. If a deposition witness refuses to execute Exhibit A, then, before disclosing Confidential Information to or discussing it with the witness, the examiner must seek

relief from the Court to compel the witness to execute Exhibit A or for a protective order prohibiting the witness from discussing, disclosing, or using the Confidential Information.

**C.** **Subsequent Designation.** If a party discovers that material or documents containing Confidential Information have been provided to the opposing party without being properly designated under this Protective Order, that party shall promptly notify the receiving party in writing of the same. The notification shall include an identification of the documents or information (by bates stamp number or some other specific form of identification), and the receiving party shall affix a stamp identifying each document or item of information so identified as "CONFIDENTIAL" within ten (10) days unless the parties agree that some other procedure for remedying the inadvertence is more appropriate under the circumstances. A Party's inadvertent failure to designate Discovery Materials as confidential shall not, on its own, waive the Party's right to designate the Discovery Materials as confidential in the future.

## V. PERMISSIBLE USE OF "CONFIDENTIAL" INFORMATION, DOCUMENTS, OR MATERIALS

**A.** **Limited Use**.

1. All parties and persons who review, possess, obtain, or otherwise have access to Discovery Materials or other documents, information, or materials containing "Confidential Information" shall not disclose, reveal or discuss such information to or with any person who is not authorized to receive it, except as set forth herein. All Confidential Information disclosed, produced or exchanged in this case shall be used by the party(ies) or person(s) to whom the information is disclosed solely for the purpose of prosecuting or defending the claims and defenses in this case, through and including appeal(s), if any, and not for any other purpose, including, but not limited to, personal, administrative, business, governmental, commercial, judicial, legal proceedings, or private dispute resolution.

2. If a party or any of its representatives, including counsel, discloses any Confidential Information to persons who are not authorized to use or possess such material, the party shall (a) provide immediate written notice of the disclosure to the party whose Confidential Information was disclosed; (b) use its best efforts to retrieve the Confidential Information and all copies from the unauthorized recipient; (c) inform the unauthorized recipient of the unauthorized

disclosure and provide them with a copy of this Protective Order; and (d) use reasonable efforts to have the unauthorized recipient execute Exhibit A. If a party has actual knowledge that Confidential Information is being used or possessed by a person not authorized to use or possess that material, regardless of how the material was disclosed or obtained by such person, the party shall provide immediate written notice of the unauthorized use or possession to the party whose material is being used or possessed. No party shall have an affirmative obligation to inform itself regarding such possible use or possession.

3.      If any person receiving information covered by this Protective Order is: (a) subpoenaed in another action or proceeding; (b) served with a request or demand in another action to which he, she, or it is a party; or (c) served with any other legal process by one not a party to this action, seeking information designated as "Confidential" pursuant to this Order, the subpoenaed party shall promptly give written notice, by hand or facsimile transmission, within forty-eight (48) hours of receipt of such subpoena, request, demand, or legal process to the party that produced or designated the material as "Confidential." The subpoenaed party or anyone else subject to this Order shall be under no obligation to take any other action or measures to preserve the confidentiality of any such information in connection with such subpoena, request, demand, or legal process. Nothing herein shall be construed as requiring the subpoenaed party or anyone else covered by this Order to challenge or appeal any order requiring production of Confidential Information, to subject itself to any penalties for non-compliance with any legal process or order, or to seek any relief from the Court.

**B.      Disclosure of Protected Material.**

1.      **Confidential Information.** Notwithstanding Section V.A. above, access to documents stamped "Confidential" shall be limited to the following persons ("Permissible Recipients"):

a.      <u>Counsel:</u> Counsel for the respective parties to this Protective Order, including in-house counsel and counsel's Support Staff (*i.e.*, paralegals, administrative assistants, and those involved in administration functions), but only to the extent that disclosure to such person(s) is necessary in order for them to assist attorneys in connection with this matter;

b.  <u>Professional Vendors:</u> Persons or entities, and their employees, that provide litigation support services (e.g., copy services, translation services, document preparation, trial graphics, and tutorials, and organizing, storing or retrieving data), but only to the extent that disclosure to such vendors is necessary in order for them to assist Counsel for a party in connection with this matter, and provided that such vendors have been given a copy of this Protective Order and have manifested their assent to be bound thereby by signing a copy of the agreement attached hereto as Exhibit A before being shown or given any Confidential Information;

c.  <u>Court Reporters:</u> Court reporters taking testimony and their support personnel, provided that such persons have been given a copy of this Protective Order and have manifested their assent to be bound thereby by signing a copy of the agreement attached hereto as Exhibit A before being shown or given any Confidential Information;

d.  <u>The Parties:</u> Except as provided below in Section V.C., the parties to this Protective Order, including the officers, directors, agents and employees of a corporate Party, to the extent counsel for such party deems it necessary for the prosecution or defense of this proceeding;

e.  <u>The Court:</u> The Court and authorized court personnel;

f.  <u>Testifying Witnesses:</u> witnesses providing testimony in this litigation, provided that that such persons have been given a copy of this Protective Order and have manifested their assent to be bound thereby by signing a copy of the agreement attached hereto as Exhibit A before being shown or given any Confidential Information, and provided further that disclosure is limited to Confidential Information about which the witness is or is likely to be examined at a deposition or other proceeding;

g.  <u>Consultants and Experts:</u> Independent consultants or experts retained by counsel or a party for assistance with respect to this case, together with each such person's clerical and Support Staff, provided that such persons have been given a copy of this Protective Order and have manifested their assent to be bound thereby by signing a copy of the agreement attached hereto as Exhibit A before being shown or given any Confidential Information;

h.  <u>Authors or Addressees:</u> The persons who are identified as authors or

addressees on the face of a document containing Confidential Information, or have been shown by either testimony or documentary evidence to have been recipients or readers of the Confidential Information prior to the commencement of the underlying lawsuit, provided that such persons have been given a copy of this Protective Order and have manifested their assent to be bound thereby by signing a copy of the agreement attached hereto as Exhibit A before being shown or given any Confidential Information;

        i.    <u>Videographer:</u> The videographer who videotapes Confidential Information at a deposition or hearing in this litigation, provided that such persons have been given a copy of this Protective Order and have manifested their assent to be bound thereby by signing a copy of the agreement attached hereto as Exhibit A before being shown or given any Confidential Information;

        j.    Any other persons agreed to in writing by the designating party; and

        k.    Other persons as may be ordered by the Court.

    2.    For each Permissible Recipient who executes Exhibit A, the Party who provided the Confidential Information to the Permissible Recipient shall retain a copy of Exhibit A executed by the Permissible Recipient and produce to every other party the signed copy of Exhibit A to all other parties not later than seven (7) days after execution by the Permissible Recipient.

**C.**    **Filing Confidential Information with the Court or Court.** Confidential Information must be filed under seal or redacted from any briefs, pleadings, or other filings made in court. This Order does not automatically authorize any Party to redact Confidential Information or file it under seal; rather, the filing Party must comply with all applicable rules concerning the sealing and redacting of records, which, if applicable, includes filing a motion to seal and obtaining an order sealing the court filing.

**D.**    **Disputes as to Confidentiality Designation.**

    1.    **Meet and Confer Requirement:** The parties agree to designate information as "Confidential" on a good faith basis and not for purposes of obstructing the receiving party's access to information concerning the lawsuit. If any party believes that a document, tangible item, or other information that has been designated as "Confidential" is not entitled to be treated as such, the party will notify the designating party of its objection to the "Confidential" designation. The

parties shall meet and confer in an attempt to reach an agreement regarding the confidential status of the document, tangible item or information within seven (7) days after the objecting party has advised the designating party of its objection.

2. **Motion for Protective Order:** If the dispute is not resolved, then the objecting party may file a motion challenging whether any particular material designated as containing Confidential Information should be afforded confidential treatment. The party designating particular information as confidential under the protective order shall have the burden of proving that the information or document is entitled to such protection.

3. **Status Pending Resolution of Dispute:** Notwithstanding any challenge to the designation of material as containing Confidential Information, the material shall be treated as Confidential and shall be subject to the provisions hereof unless and until one of the following occurs: (i) all parties that claim that the material contains Confidential Information withdraw such designation in writing; or (ii) the Court rules that the material does not contain Confidential Information.

4. **Rights of Parties:** This Protective Order is without prejudice to the right of any party to apply to the Court for any further order relating to any Confidential Information or for an order permitting disclosure of any Confidential Information beyond the terms of this Protective Order.

## VI.   <u>MISCELLANEOUS</u>

**A.**   The Parties must maintain and store Confidential Information in a secure manner and must take all reasonable measures to ensure Confidential Information is not disclosed or disseminated to anyone who is not a Permissible Recipient.

**B.**   Not later than thirty (30) days after the conclusion of this case, a party in the possession of Confidential Information (Confidential Materials) shall (1) return all such Confidential Information to the designating or producing party or person and retain no copies or duplicates, or (2) delete, destroy and purge such Confidential Information and certify in writing to the designating or producing party or person that the Confidential Information has been deleted, destroyed and purged. For the purposes of this Protective Order, "conclusion of this case" means

the date that the parties executed a settlement agreement or other such document terminating this case with prejudice.

**C.**     All provisions of this Protective Order restricting the communication or use of Confidential Information shall survive and continue to be binding after the conclusion of this case, and the Court shall retain continuing jurisdiction to enforce, interpret, or modify this Order. The Parties and Permissible Recipients consent to the authority and jurisdiction of the Court, in Clark County, Nevada, presiding over the lawsuit to enforce this Order and adjudicate or remedy any violations.

**D.**     Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection. Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Order by written advice to the parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**E.**     Nothing in this Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper. This Order, however, shall not be modified absent an order of the Court or the written agreement of all the Parties hereto.

DATED this 5th day of November, 2021.

JACKSON LEWIS P.C.

*/s/ Joshua A. Sliker*
JOSHUA A. SLIKER, ESQ.
Nevada Bar No. 12493
300 South Fourth Street, Ste. 900
Las Vegas, Nevada 89101

*Attorneys for Defendant*
*Wynn Las Vegas, LLC*

KEMP & KEMP

*/s/ James P. Kemp*
JAMES P. KEMP, ESQ.
Nevada Bar No. 006375
7435 W. Azure Drive, Ste 110
Las Vegas, Nevada 89130

*Attorneys for Plaintiff*
*Kurt Wong*

## **ORDER**

IT IS SO ORDERED.

_____
United States Magistrate Judge

Dated: November 8, 2021

**EXHIBIT A**
**ACKNOWLEDGMENT AND AGREEMENT**
**TO MAINTAIN CONFIDENTIALITY**

I, _____, understand that one of the Parties in this litigation (*Kurt Wong v. Wynn Las Vegas, LLC*, Case No.: 2:20-cv-02086-RJB-NJK) desires to disclose to me certain documents, information, and/or materials that contain or have been designated as "Confidential". I have read and I understand the Stipulated Protective Order to which this Acknowledgment and Agreement is attached. I understand and acknowledge that the Stipulated Protective Order governs my use of the Confidential Information and I agree to be bound by the terms of the Stipulated Protective Order. I agree that I will not disclose any Confidential Information or other documents, information, and/or materials designated as "Confidential" (including any copies, summaries, extracts or notes of any such information) to any person, agency or entity, except those persons to whom disclosure is permitted under the Stipulated Protective Order. I further agree, consent and submit myself to the jurisdiction of the U.S. District Court, District of Nevada with respect to any proceedings regarding this litigation, including, but not limited to, enforcement of or sanctions in connection with my use of Confidential Information under this Stipulated Protective Order.


_____          _____
Date                                        Signature

                                            _____
                                            Type or Print Name

                                            _____
                                            Organization (if applicable)

                                            _____
                                            Title (if applicable)